| | |
|---|---|
| Cynthia Santiago, Administrator of the Estate of Kevante Washington | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:24-cv-05133 |
| United States of America | ) ) ) |
| Defendant. | ) ) ) |

## AMENDED COMPLAINT

Plaintiff Cynthia Santiago, Administrator of The Estate of Kevante Washington ("Plaintiff"), by her undersigned attorney, files this Amended Complaint against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act, and in support thereof alleges as follows:

## INTRODUCTION

1.      On May 11, 2023, Kevante Washington ("Mr. Washington") died at thirty-one years old in the Federal Detention Center of Philadelphia ("Federal Prison"), which is operated by the Federal Bureau of Prisons ("BOP").

2.      Cynthia Santiago, Mr. Washington's mother, is the administrator of her son's estate.

3.      On May 10, 2023, Mr. Washington was brutally raped and physically assaulted by an inmate at the Federal Prison. He died from his injuries the following day on May 11, 2023.

4.      Mr. Washington had informed the Federal Prison officials, as well as his family, that he felt unsafe and feared for his life.

5. Mr. Washington's fears were not heard by the Federal Prison officials, resulting in his tragic and untimely death.

6. Mr. Washington's tragic death was due to the negligent security and lack of staffing that could have prevented this tragic event from transpiring.

7. Mr. Washington was in protective custody while in prison, which heightens the Federal Prison's liability of negligent security because Mr. Washington should have been protected and kept safe from any potential threats.

8. Attached are photos showing Mr. Washington both before and after being savagely attacked:









9. The attack on Mr. Washington in the Federal Prison is one of several recent attacks on inmates within the Bureau of Prisons, which further shows the negligence of the Federal Prison through the lack of security staffing to prevent such attacks.

10. This lawsuit seeks redress for the injuries Mr. Washington sustained as the result of Defendant's unconstitutional and wrongful misconduct.

## JURISDICTION AND VENUE

11. This action is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

12. This Court has both federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events leading to this Complaint occurred in this judicial district.

14. On October 6, 2023, Plaintiff, through counsel, submitted an administrative claim to the Regional Counsel for Federal Bureau of Prisons, under the U.S. Department of Justice.

15. On April 3, 2024, the U.S. Department of Justice denied Mr. Washington's claim in writing pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2672.

16. Plaintiff has therefore exhausted all administrative remedies under 28 C.F.R § 543.30.

## PARTIES

17. Plaintiff Cynthia Santiago is the mother of Mr. Washington and is a citizen and resident of the State of Pennsylvania, County of Lehigh.

18. BOP is an agency within the United States Department of Justice and employs staff under its supervision ("Federal Prison Officials"). As the BOP is an agency of the United

States of America, the United States of America is the appropriate defendant under the Federal Tort Claims Act.

**FACTUAL BACKGROUND**

19.     On May 10, 2023, an inmate named Robert Smith ("Mr. Smith") brutally raped and physically assaulted Mr. Washington in Federal Prison. Mr. Smith's criminal record shows he has a documented history of violent convictions <u>both before and during</u> his incarceration at the Federal Prison.

20.     As of the date of this complaint, one year and four months after the murder of Mr. Washington at the Federal Prison, no criminal charges have been brought against Mr. Smith.

21.     At the time of the attack, the Federal Prison was understaffed and negligently failed to prevent the attack on Mr. Washington.

22.     The Federal Prison officials failed to take safety precautions and rehouse Mr. Washington after he warned them of threats to his life.

23.     Immediately after the attack, Mr. Washington was alive. He was bleeding from his face and head due to scalp contusions and multiple facial fractures caused by blunt impact injuries to his head.

*24.*     Furthermore, as Mr. Washington awaited aid from officers and medical staff, he suffered contusions of the right side of his tongue, hyoid, and larynx, fractures of thyroid cartilage, and traumatic separation of cricothyroid muscle due to compression of his neck.

25.     Additionally, Mr. Washington suffered numerous contusions to his intestines, mesentery, and pancreas due to blunt impact injuries to his torso.

26.     Moreover, Mr. Washington suffered from lacerations of anus and lacerations and abrasions of rectal mucosa, which are findings consistent with sexual assault.

27. Mr. Washington's cause of death was due to complications of multiple injuries—the manner which was homicide by a federal inmate, namely Mr. Smith.

28. Mr. Washington was ultimately taken to Thomas Jefferson University Hospital, where he ultimately died due to his numerous injuries.

29. Defendant's negligence robbed Mr. Washington of the best years of his life. At the time of his death, Mr. Washington was only thirty-one years old.

30. Mr. Washington leaves behind three young children, who were greatly looking forward to seeing their father soon and spend time with him upon his soon-to-be released date. His children include a thirteen-year-old girl, a nine-year-old girl, and an eight-year-old boy.

31. Mr. Washington's tremendous injuries and his untimely death were caused by Defendant's negligent misconduct.

32. Mr. Washington's injuries and damages were foreseeable to Defendant at the time of their acts and omissions.

33. All the acts and omissions committed by Defendant were done intentionally, unlawfully, wantonly, recklessly, negligently, and/or in bad faith.

### COUNT I – FEDERAL TORT CLAIMS ACT
**Negligence and Wrongful Death**

34. Each of the foregoing paragraphs are incorporated as if restated fully herein.

35. Defendant is responsible for the oversight of its employees at the BOP, which includes officers and staff at federal correctional facilities.

36. Pursuant to the Federal Tort Claims Act, Defendant is liable for damages caused by the negligent or wrongful acts of its employees acting within the scope of their employment.

37. Federal Prison Officials have a duty to protect inmates from harm caused by other inmates and owed this duty of care to Mr. Washington. That duty includes providing proper

6

security and staffing to ensure inmates do not violently attack one another. Further, that duty includes rendering immediate medical aid to severely injured inmates, such as in Mr. Washington's case, and transfer them to a medical facility to receive treatment in a timely fashion.

38. Federal Prison officials knew or should have known that Mr. Washington faced an excessive risk to his safety and life and should have never allowed Mr. Washington and Mr. Smith to be housed in the same cell, due to Mr. Smith's violent criminal history.

39. Federal Prison officials breached their duty to protect Mr. Washington from harm by failing to take any actions to protect him in the face of a known risk to his safety, such as placing him in a separate housing unit. The officials also breached this duty by failing to maintain proper security in the prison and staff the units properly with officers.

40. Federal Prison officials further breached their duty by failing to timely extract Mr. Washington while he was being physically assaulted by Mr. Smith.

41. Upon information and belief, the "panic" button in Mr. Washington's cell was not in working condition and/or timely responded to by Federal Prison officials.

42. Federal Prison officials failed to render medical aid in a timely fashion to Mr. Washington.

43. As a result of the prison staff's negligent acts and omissions, Mr. Washington suffered serious personal injuries, pain and suffering, and emotional and psychological distress, and death.

44. The BOP's actions as described above violated that duty of care and were the proximate cause and a substantial factor in Mr. Washington's injuries and subsequent death as described above.

45. As a direct and proximate result of Defendant's negligence, Mr. Washington suffered physical injuries and death as set forth above.

46. Under the Federal Tort Claims Act, Defendant is liable for these actions.

## **DEMAND FOR DAMAGES**

47. Plaintiff Mr. Washington requests that this Court enter judgment in his favor and against Defendant and award him:

    a. Compensatory damages, attorney's fees, and costs against Defendant;

    b. Any and all other relief this Court deems appropriate.


Respectfully submitted,


THE IGWE FIRM

Emeka Igwe, Esq.
Emeka Igwe, Esq.
1500 JFK BLVD, Suite 1900
Philadelphia, PA 19102
Phone: 215-278-9898
Email: emeka@igwefirm.com

Attorney for Plaintiff


Dated: September 25, 2024